# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUILIE ZEIGLER,** | : | **CIVIL NO. 1:16-CV-1895** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **CORRECT CARE SYSTEMS**, *et al.*, | : | |
| **Defendants** | : | |

## **ORDER**

Plaintiff, Quilie Zeigler, a former inmate confined at the State Correctional Institution, Smithfield, Pennsylvania, filed the above-captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are Correct Care Solutions, LLC and James F. Frommer, Jr., D.O. (Id.)

On April 22, 2019, mail was returned to the court as undeliverable, indicating that plaintiff was paroled on February 3, 2019. (Doc. 23). In an effort to ascertain the custodial status of plaintiff, the court accessed the Vinelink online inmate locator, which revealed that plaintiff is out of custody.[1]

The court notes that a *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. (See Standing Practice Order in Pro Se Plaintiff Cases; M.D. Pa. Local Rule of Court 83.18). Should an address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in

---

[1] Upon entering plaintiff's identifying information into the Vinelink Inmate Locator System, his status was returned as "out of custody. . . paroled." See https://vinelink.com/#/search.

writing. (Id.) If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (Id.) Plaintiff has not communicated with the court since August 7, 2017. (Doc. 13). The court's inquiry indicates that plaintiff has been released from the custody of the Department of Corrections. Thus, it is reasonable to conclude that plaintiff has abandoned this lawsuit.

Accordingly, this 29th day of April, 2019, it is hereby ORDERED that within twenty (20) days of the date of this order, plaintiff shall file with the court his current address. Failure to comply with this order may result in the dismissal of this case for failure to prosecute. See FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. CO., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (holding that a district court may *sua sponte* dismiss a case for failure to prosecute or failure to comply with court orders).

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania