# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUILIE ZEIGLER,** | : | **CIVIL ACTION NO. 1:16-CV-1895** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **CORRECT CARE SYSTEMS,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Quilie Zeigler ("Zeigler"), a former inmate who, at all times relevant, was housed at the Smithfield State Correctional Institution in Huntingdon, Pennsylvania, ("SCI-Smithfield"), filed the above-captioned action pursuant to 42 U.S.C. § 1983.[1] (Doc. 5). The matter is proceeding *via* an amended complaint. (Doc. 9). Named as defendants are Correct Care Solutions, LLC and James F. Frommer, D.O. (Id.) For the reasons set forth below, the court will dismiss this action for failure to prosecute and failure to comply with a court order.

## I. Background

In the amended complaint, Zeigler alleges that defendants were deliberately indifferent to his serious medical needs and negligent by failing to monitor his heart after his arrival at SCI-Smithfield. (Doc. 9, ¶¶ 7-25). On March 30, 2018, defendants filed an answer to the amended complaint. (Doc. 16). Defendants thereafter filed a

---

[1] Zeigler is no longer incarcerated. Upon entering Zeigler's identifying information into the Vinelink Inmate Locator System, his status was returned as "out of custody . . . paroled." See https://vinelink.com/#/search.

motion for summary judgment. (Doc. 20). Zeigler failed to oppose defendants' motion.

On April 22, 2019, the court's mail to Zeigler was returned as undeliverable, indicating that Zeigler was paroled on February 3, 2019. (Doc. 23). Accordingly, on April 29, 2019, the court issued an order directing Zeigler to provide his current address. (Doc. 24). The order warned Zeigler that "[f]ailure to comply with this order may result in the dismissal of this case for failure to prosecute." (Id. at 2) (citing Federal Rule of Civil Procedure 41(b)). On May 6, 2019, the court's mail to Zeigler was again returned, unopened, and marked as unable to forward. (Doc. 25). It is clear that Zeigler failed to comply with the court's order and the time for complying has now passed. Zeigler has not communicated with the court since August 7, 2017, and has not provided the court with a current, updated address. (See Doc. 13).

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

2

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). Not all of the Poulis factors need be satisfied to dismiss a complaint. See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Zeigler is *pro se* and is solely responsible for his actions. See Colon v. Karnes, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). At this point, the court has been waiting more than twenty-one months for Zeigler to communicate with the court, and can only conclude that he is personally responsible for failing to inform the court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Zeigler's continued failure to communicate with the court and his continued inaction frustrates and delays the resolution of this case. This failure to communicate prejudices the defendants who likely seek a timely resolution of the case. See Azubuko v. Bell National Organization, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

3

Third, Zeigler has established a history of dilatoriness through his failure to notify the court of his whereabouts and failure to comply with court orders and rules. As is clear from the procedural background of this case, Zeigler has not communicated with the court since August 7, 2017. (Doc. 13). On April 29, 2019, the court ordered Zeigler to provide the court with his current address, and warned him that this case was subject to dismissal for failure to prosecute. (Doc. 24). Zeigler failed to comply with that order, and the time for complying has now passed. The court finds that over the past twenty-one months, Zeigler has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." Briscoe v. Klem, 538 F.3d 252, 261 (3d Cir. 2008). A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. (See M.D. Pa. Local Rule of Court 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); see also Standing Practice Order in Pro Se Plaintiff Cases). Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. (Id.) If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (Id.) It is clear that Zeigler has failed to comply with the terms set forth in Middle District of Pennsylvania Local Rule 83.18 and the Standing Practice Order.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Zeigler has offered no explanation for his failure to provide the court with his current address, and has been less than diligent in pursuing this matter. Gagliardi v. Courter, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. Given Zeigler's indigence, alternative monetary sanctions would not be effective. See Dennis v. Feeney, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the court is incapable of imposing a lesser sanction without knowledge of Zeigler's whereabouts.

The final Poulis factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. The court finds that consideration of this factor cannot save Zeigler's claims, since he is now wholly non-compliant with his obligations as a

litigant. Thus, the weight of this factor is lessened and, following a full analysis of the factors, the majority of the six factors weigh heavily in favor of defendants.

### III. Conclusion

Zeigler's last communication with the court was on August 7, 2017. (Doc. 13). It is clear that Zeigler has been released from custody. See https://vinelink.com/#/search. Zeigler's prolonged failure to notify the court of his whereabouts has forced the court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the Poulis factors, it is clear that the factors favor the dismissal of Zeigler's claims.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: May 21, 2019